



FILED — ENTERED
LODGED — RECEIVED

SA    MAR 2 1 2003

AT SEATTLE
CLERK U S DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

MAY 13 2003

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

**FREDERICK JACKSON,**
Plaintiff

vs.

**CITY OF SEATTLE,
SEATTLE POLICE OFFICER LUKE
WINTERER, and SEATTLE POLICE
OFFICER SHAWN SWANSON,**
Defendants

No. **C03- 716P**

**COMPLAINT FOR DAMAGES**



C V 03-00716 #00000002

**COME NOW** the plaintiff, **FREDERICK JACKSON** on his own behalf brings this

action for illegal practices of the defendants, by and through his attorney John Scannell, and

seeking damages against the above name defendants **CITY OF SEATTLE, SEATTLE POLICE**

**OFFICER LUKE WINTERER BADGE # 6626,** and **SEATTLE POLICE OFFICER**

**SHAWN SWANSON BADGE #6416,**

The civil claims include offenses committed under color of law resulting in a deprivation of

rights secured by the Constitution and laws of the United States of America

**COMPLAINT FOR DAMAGES – PAGE 1**

# ORIGINAL

ACTIONLAW NET
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685

## I. PARTIES, JURISDICTION, VENUE

This action is brought under 42 U S C  §1983 (Civil Rights Act of 1871) relating to the plaintiffs' exercise of his rights under the Constitution of the United States

1  Plaintiff **FREDERICK JACKSON** is and was, at all times relevant hereto, a resident of the State of Washington

2  The Defendant City of Seattle is a municipal corporation in the State of Washington and is the employer of City of Seattle Police Officers (Seattle Police Officer Luke Winterer, badge #6626 and Seattle Police Officer Shawn Swanson, badge #6416).

3  At all times pertinent to this complaint, the defendants Seattle Police Officer Luke Winterer, badge #6626 and Seattle Police Officer Shawn Swanson, badge #6416were employees of the City of Seattle acting as police officers  In doing the acts and things hereinafter set forth, said Defendants were acting, in their respective capacities as stated, under color of an Ordinance of the City of Seattle, State of Washington, namely, R C W  38 52 et seq  as well as other Statutes of Washington and ordinances of City of Seattle respectively.

4. At all times relevant hereto each of the defendants was acting as agent of each of the other defendants

5  Jurisdiction is conferred on the court by virtue of 29 U S C §1331, §1334, §1343 Venue in this district is appropriate pursuant to Title 28, United States Code, §1391, because the pertinent events took place in this district

## II. FACTS

6. On October 30, 2001, plaintiff was driving his vehicle headed north on Delridge Way in Seattle.

7. Plaintiff drove past defendants Seattle Police Officer Luke Winterer, badge #6626 and Seattle Police Officer Shawn Swanson, badge #6416 as they prepared to pull into traffic on Delridge Way  As he did so, plaintiff made eye contact with Seattle Police Officer Luke Winterer,

**COMPLAINT FOR DAMAGES – PAGE 2**

ACTIONLAW NET
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685

1  badge #6626 and nodded pleasantly, checked his odometer as being under the speed limit, and
2  continued on his way

3      8  The defendants pulled into traffic behind the plaintiff, and then proceeded to signal for
4  him to pull over  Plaintiff, thinking that the defendants were signaling for the plaintiff to move,
5  pulled to the side  As the defendants pulled in behind the plaintiff, plaintiff realized that he was
6  being pulled over.

7      9  Seattle Police Officer Shawn Swanson, badge #6416 approached plaintiff with his gun
8  out and Seattle Police Officer Luke Winterer, badge #6626 approached with his hand readied near
9  his weapon  Officer Winterer asked plaintiff for license and registration  Plaintiff inquired as to
10 why he was being pulled over, to which the officer informed him that he was driving a stolen
11 vehicle

12     10. Plaintiff asked who had reported the vehicle stolen as he handed over his license at
13 which time defendant corrected his initial response by informing plaintiff that the tabs and plates
14 were stolen

15     11  Plaintiff was attempting to proceed and get his registration as he placed his keys on the
16 dashboard, hoping that this would encourage Officer Swanson to put his weapon away

17     12  Officer Winterer asked plaintiff if he had any weapons  Plaintiff denied having any,
18 however he did ask if the officer saw any, as he considered the catering knives he carried for work

19     13  At this point the officer began using profanities in reference to the plaintiff's hearing
20 and demanded plaintiff's registration

21     14  Plaintiff respectfully suggested that the officer could refrain from speaking in such a
22 derogatory manner, and inquired after a duty supervisor to which he could address in reference to
23 the officer's improper attitude

24     15  Plaintiff reminded the defendant that he was cooperating, had in fact placed his keys on
25 the dash in order to reassure the officers that he was not about to commit any injurious acts, to
26 which the officer responded with more profanity, threatening to drag the plaintiff out of the car

**COMPLAINT FOR DAMAGES – PAGE 3**

ACTIONLAW NET
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685

16  Plaintiff reminded defendant that he was cooperating fully, that he would not resist arrest, and that he had not done anything wrong

17  Plaintiff dialed 911 on his cellular phone and asked for a supervising officer   As the plaintiff attempted to explain that he had been pulled over by verbally abusive officers, Officer Winterer opened plaintiff's door, grabbed and bent plaintiff's thumb as he twisted and bent the wrist

18  Plaintiff plead for the officer to cease from treating him in such a manner as Officer Swanson came to the driver's side of plaintiff's vehicle and pushed plaintiff's right shoulder into the roof and door jamb   Both officers began forcefully twisting and bending plaintiff's arms and wrists and towards his neck, despite plaintiff having done nothing to resist arrest

19  Plaintiff began to scream as the defendants threatened him with mace and continued to verbally abuse him.  Defendants then repeatedly threw plaintiff against his vehicle

20  Defendants proceeded to manhandle plaintiff into the patrol car, where inside the verbal assaults from the defendants continued

21  Plaintiff was eventually released when police discovered that neither the car nor the plates and tabs had been stolen, and that there had been an error when plaintiff had purchased new tabs from the Department of Licensing

22  Plaintiff's left foot had been crammed under the patrol car's seat and had swelled to the size of a small melon.

23  Plaintiff returned to his vehicle to find that the contents of his glove box and sun visor had been scattered on the floor, the lunches that plaintiff had intended to deliver had been turned upended and destroyed, plaintiff's hat had been tossed into a puddle of water against the curb, and plaintiffs cigarettes had had water dumped into them

24  Upon return to his vehicle, plaintiff proceeded to the hospital, where he received treatment for injuries to the arm and foot retained by the defendants

**COMPLAINT FOR DAMAGES – PAGE 4**

### FIRST CAUSE OF ACTION: VIOLATION OF THE
### FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

25  Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 24

26  Plaintiff **FREDERICK JACKSON** was seized for the purposes of the Fourth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, by the acts and omissions of the defendants

27  Plaintiff **FREDERICK JACKSON**, has rights, protected under the Fourth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, not to be subjected to an unreasonable seizure

28  The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of plaintiff **FREDERICK JACKSON.**

29  As a proximate result of the acts and omissions of the defendants and deprivation of plaintiffs' Fourth and Fourteenth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove.

### SECOND CAUSE OF ACTION; VIOLATION OF FOURTH AMENDMENT
### PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

30. Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 29, as if fully set forth herein

31  Plaintiff **FREDERICK JACKSON** has a right, under the Fourth amendment of the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, not to be subjected to the use of unreasonable force against his person

32. The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth Amendment Rights as applied to the States through the Fourteenth Amendment to the United States Constitution, of plaintiff **FREDERICK JACKSON**

**COMPLAINT FOR DAMAGES – PAGE 5**

**ACTIONLAW NET**
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685

33   As a proximate result of the acts and omissions of the defendants and deprivation of plaintiff's Fourth Amendment rights as applied to the states through the Fourteenth Amendment to the United States Constitution, plaintiff has suffered personal injuries as set forth hereinabove

### THIRD CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

34   Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 33, as if fully set forth herein.

35   Plaintiff **FREDERICK JACKSON** has a right, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to remain in a public place of his choice and the right to move from one place to another

36   The named plaintiff has a right, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to remain in a public place of his choice and the right to move from one place to another

37   The acts and actions of the defendants herein proximately caused the deprivation of plaintiff's Fourteenth Amendment rights

38   As a proximate result of the acts and omissions of the defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff has suffered personal injuries as set forth hereinabove

### FOURTH CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO PERSONAL SECURITY

39   Plaintiff hereby incorporate and realleges each and every allegation of paragraphs 1 through 38, as if fully set forth herein

40   Plaintiff **FREDERICK JACKSON**, under the Fourteenth Amendment to the United States Constitution, to personal security

41   The acts and omissions of the defendants caused deprivation of plaintiff's Fourteenth Amendment rights to personal security

**COMPLAINT FOR DAMAGES – PAGE 6**

ACTIONLAW NET
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685

## FIFTH CAUSE OF ACTION - ASSAULT AND BATTERY

42  Plaintiff hereby incorporates and realleges each and every allegation of paragraphs 1 through 41 , as if fully set forth herein

43   The named plaintiff was assaulted and battered by defendants

44  The named plaintiff has been assaulted and battered by defendant City of Seattle, through its employees Luke Winterer and Shawn Swanson

45   Defendant City of Seattle is liable for the actions of its employees through the doctrine of respondent superior

46  The named plaintiff has been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants

## SIXTH CAUSE OF ACTION - NEGLIGENCE

47  Plaintiff hereby incorporate and reallege each and every allegation of paragraphs 1 through 46 , as if fully set forth herein

48   The defendants were negligent in their actions taken against the named plaintiff

49  The named plaintiff has been damaged as a direct, proximate and foreseeable result of the negligent actions of the defendants

## PRAYER FOR RELIEF

The Defendants actions set forth herein constitute an egregious, willful and malicious violation of section of 42 USC §1983

**WHEREFORE,** plaintiff respectfully requests that the Court enter judgment in their favor and in favor of the class for

(A) Order defendants to pay to plaintiff compensatory damages in an amount to be proven at trial

(B) Order defendants to pay to plaintiff punitive damages

(C) Order defendants to pay plaintiff's reasonable attorney fees, and costs

(D) Order such other and further relief as the court may deem to be just and proper

**COMPLAINT FOR DAMAGES – PAGE 7**

1    **DATED** this 5th day of February, 2003,

2

3                                        John R. Scannell, WSBA #31035
                                         Attorney for plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COMPLAINT FOR DAMAGES – PAGE 8**

ACTIONLAW NET
501 SOUTH JACKSON STE B100
SEATTLE, WASH , 98104
206-624-3685